```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
MANNY PASTREICH, AS TRUSTEE, AND THE TRUSTEES OF THE
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ SUPPLEMENTAL RETIREMENT
AND SAVINGS PLAN,
                                                                                23-cv-2419

                            Plaintiffs,

        -against-

MELWOOD HORTICULTURAL TRAINING CENTER, INC.,

                            Defendant
------------------------------------------------------------------------------------X
```

## CONSENT DECREE

This action (the "Action") was initiated by Plaintiff Manny Pastreich, as Trustee, and the Trustees of the Building Service 32BJ Health Fund and Building Service 32BJ Supplemental Retirement and Savings Plan (collectively "Plaintiffs" or the "Funds"), against Defendant Melwood Horticultural Training Center, Inc. ("Defendant" or "Melwood"). (Plaintiffs and Defendant are each a "Party", and, collectively, the "Parties" to this Action.) The Funds allege that Melwood failed to comply with a payroll compliance audit for the time period beginning January 1, 2018, through the present (the "Audit"), in violation of an applicable collective bargaining agreement, trust agreements and the Employee Retirement Income Security Act ("ERISA"). Defendant denies any wrongdoing and contends that, absent the confidentiality protections set forth in this Decree, a response to Plaintiffs' outstanding audit request could compromise the privacy rights of certain employees of Melwood who qualify as blind or severely disabled under the Javits-Wagner-O'Day ("JWOD") Act and AbilityOne Program ("JWOD Participants").

The Parties desire to resolve this Action without the time and expense of protracted

1

litigation, and to formulate a plan to be embodied in a Decree which will protect the interests of both Parties, including the right of Plaintiff to conduct audits where required by law and the right to privacy afforded to JWOD Participants employed by Melwood.

The Court has examined this Decree and finds that it is reasonable. Therefore, upon due consideration of the record, it is ORDERED, ADJUGED AND DECREED:

Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Plaintiffs in this action, which emanate from any alleged failure on the part of Melwood to comply with any auditing obligations owed to Plaintiffs that arise out of and/or relate in any way to this Action. This does not include any audit findings, and the Fund's right to collect any allegedly unpaid contributions, interest and related damages associated with this Audit (or any future audits) or reporting in the Funds' employer self-service system ("ESS") for any time period.

2. This Decree shall be in effect for a period of five (5) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of this Decree. If Defendant has failed to meet the established terms at the end of five (5) years, the duration of the Decree may be extended.

3. This Decree, being entered with the consent of the Parties, shall not constitute an adjudication or finding on the merits of the case. In the event that Defendant provides the complete Audit Documents timely in accordance with Paragraph 4 below, neither Party shall be liable to other for any monetary damages, penalties and/or attorneys' fees; and neither Party shall be considered a prevailing party any under applicable statute or agreement. However, none of this shall prevent the Funds from collecting any unpaid principal, interest, and associated damages

identified at the conclusion of the Audit.

## Audit Response

4.     Within 60 days of the date of this Decree, Melwood will produce, by electronic delivery to the Funds or its accounting firm of Schultheis & Panettieri, LLP (the "Audit Firm"), for the time period January 1, 2018, through the present, complete for all employees in the District of Columbia, (and if applicable, any other state(s)) during the audit period where Melwood employed/employs employees performing work at a site covered by a collective bargaining agreement with the Service Employees International Union, Local 32BJ), (1) individual earnings records (payroll history records), (2) weekly payroll journals, (3) timesheets, (4) quarterly state and federal payroll taxes and 940/941s, (5) W-2s, (6) employee roster (identifying all employees, job titles, job location(s), hire/term/leave dates, etc.), (7) general ledger/cash disbursements journal, and (8) 401(k) enrollment forms (collectively the "Audit Documents"). Regarding additional requests made by the Audit Firm for documents, Melwood shall provide them to the fullest extent required under the terms and conditions of the Building Service 32BJ Health Fund and/or Building Service 32BJ Supplemental Retirement and Savings Plan.

5.     All documents, materials and/or information (including, but not limited to, electronic records) (together the "Confidential Melwood Audit Materials") produced by Melwood in response to the outstanding audit request, shall be treated by Plaintiffs as "confidential." The audit findings report issued by the Audit Firm at the conclusion of the Audit shall not be considered confidential, except to the extent that it includes any personally identifying health information of employees of Melwood. The Parties agree that any such health information shall at all times be treated as confidential. The audit findings report, which the Funds and Audit Firm confirm do not include any PHI, disclosed by the Audit Firm at the conclusion of the audit, shall not be considered

confidential.

6. Confidential Melwood Audit Materials, and any documents, information, materials and/or things derived therefrom or based thereon may only be disclosed or made available to "Qualified Plaintiffs' Representatives", who are defined to consist of:

(a) The Court and employees of the Court (in the manner provided by this Decree);

(b) Counsel to the Parties in the instant matter (both in-house and outside counsel), including clerical, secretarial and paralegal staff employed by such counsel;

(c) Experts or consultants and their staff assisting in the prosecution or defense of the instant matter or any future matter between the parties to this Action which arise out of a claim that Melwood has failed to make employee benefit contributions uncovered as a result of the Audit ;

(d) Court reporters and other persons involved in recording deposition testimony in this action by any means;

(e) Any other person to whom Melwood agrees in writing, which agreement will not be unreasonably withheld;

(f) Commercial photocopying services ordinarily used by counsel for the purposes of photocopying, if such services are deemed reasonably necessary under the circumstances;

(g) Authorized insurance agents of Plaintiffs;

(h) Authorized representatives of the Audit Firm selected by Plaintiffs to conduct the above-mentioned audit of Defendant, but only after these

auditing agents have committed to Plaintiffs to abide by the confidentiality provisions of this Consent Decree;

(i) by the Audit Firm to the extent necessary to participate in the AICPA peer review program, and

(i) any other person or entity if required by law.

7. Qualified Plaintiffs' Representatives may only use and disclose Confidential Melwood Audit Materials for the limited purpose of (1) completing the Audit; (2) evidencing any audit findings in litigation or arbitration to collect funds identified in any audit findings; and (3) by the Audit Firm to the extent necessary to participate in the AICPA peer review program. Both the Confidential Melwood Audit Materials, and the information set forth in any such Confidential Melwood Audit Materials, may only be disclosed to those Qualified Plaintiffs' Representatives with a genuine "need to know," and only after securing assurances from any such Representatives that they will at all times treat such Confidential Melwood Audit Materials and associated information as confidential.

8. Confidential Melwood Audit Materials may be referred to by the Parties to this Action in papers filed with the Court in the Action and/or in any future action arising out of and/or related to Melwood's response to audits conducted by Defendants as required by law under the applicable terms of the Building Service 32BJ Health Fund and/or Building Service 32BJ Supplemental Retirement and Savings Plan. However, no such Confidential Melwood Audit Materials and/or associated information shall be used for any of these purposes unless any such Confidential Melwood Audit Materials, and any information derived therefrom, are appropriately designated, redacted, and, if filed with the Court, filed under seal in accordance with applicable requirements under the Federal Rules of Civil Procedure and/or applicable requirements under the Local Rules

of this court, with the Party making such a filing simultaneously submitting a motion and accompanying order.

9. Notwithstanding any other statements herein, the Parties agree and stipulate that any and all documents (including, but, not limited to, Confidential Melwood Audit Materials) produced by Melwood to Plaintiffs that in any way, either directly or indirectly, reveal that a particular employee of Melwood is a JWOD Participant, are considered Confidential and will be treated with particular care and, as such, Plaintiffs will only disclose any such Confidential Melwood Audit Materials to those Qualified Plaintiffs' Representatives (including, but not limited to, essential representatives of the Audit Firm selected by Plaintiff to audit Defendant) to the extent necessary to access such documents, information and/or materials and/or to evidence any audit findings in a litigation/arbitration.

10. No material marked Confidential shall be reproduced except as required in connection with the litigation of the instant case, or as part of any litigation/arbitration to collect any alleged audit findings.

11. All copies or derivations of material marked Confidential shall be afforded the same level of protection extended to originals so marked, as provided in this Decree and shall be treated as such.

12. At any time following the later of (a) the expiration of this Decree, or (b) the conclusion of any audit(s) of Melwood conducted by Defendant in accordance with the terms and conditions of the Building Service 32BJ Health Fund and/or Building Service 32BJ Supplemental Retirement and Savings Plan, all Confidential Melwood Audit Materials, or the expiration of the AICPA peer review program where the Confidential Melwood Audit Materials may be requested for production, and all copies or extracts thereof, shall be returned to Melwood or, shall promptly

be destroyed.

13. The provision of this Decree pertaining to confidentiality shall be effective and binding as between the Parties, counsel, and any Qualified Plaintiff's Representatives as of the date of this Decree.

14. Upon Defendant's timely electronic delivery of the complete Audit Documents to the Funds or the Audit Firm, the Parties will promptly file a Stipulation of Dismissal without prejudice, subject to the terms and conditions set forth herein. The Court will retain jurisdiction to enforce the terms of this Consent Order.

15. Nothing in this Consent Decree shall in any way preclude the Plaintiff from collecting any audit findings to which it is lawfully entitled (subject to the Confidentiality obligations set forth in this Decree), and nothing shall in any way diminish any defenses that Defendant may have with respect to any such audit findings.

16. The Clerk of Court is directed to terminate this case. However, as stated above in paragraph 14, this Court shall retain jurisdiction to enforce the terms of this Consent Order.

_____
Samuel R. Bloom (SB1988)
RAAB, STURM & GANCHROW, LLP
2125 Center Ave., Suite 100
Fort Lee, New Jersey 07024
T: (201) 292-0150
F: (201) 292-0152
sbloom@rsgllp.com
*Counsel for Plaintiffs*

/s/ Douglas W. Desmarais
Douglas W. Desmarais (Pro Hac Vice)
Maryland Bar No.: 8712010152
District of Columbia Bar No.: 423228
Smith & Downey, P.A.
320 E. Towsontown Blvd., Suite 1E
Baltimore, MD  21286
Tel: (410) 321-9348
Fax: (410) 321-6270
Email: ddesmarais@smithdowney.com
*Counsel for Defendant*

**SO ORDERED:**

Signed and entered this  2nd  day of _____May_____, 2024

_____
United States District Judge